UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:22-mc-00144-ADA |
| Plaintiff, | |
| v. | ORDER GRANTING PARTIES' STIPULATION FOR CONSENT JUDGMENT OF FORFEITURE |
| 2021 LAND ROVER RANGE ROVER, LICENSE PLATE: V606F0, VIN: SALWR2SE9MA761056, | |
| | (ECF No. 6) |
| TWENTY-NINE ASSORTED ITEMS OF CLOTHING AND ACCESSORIES, MORE PARTICULARLY DESCRIBED IN EXHIBIT A, and | |
| EIGHTEEN PIECES OF ASSORTED JEWELRY, MORE PARTICULARLY DESCRIBED IN EXHIBIT A, | |
| Defendants. | |

On January 12, 2023, the parties filed a stipulation for consent judgment of forfeiture. (ECF No. 6-1.) Pursuant to the terms of that stipulation, the Court finds:

1. On April 29, 2022, agents with the Drug Enforcement Administration ("DEA") seized the 2021 Land Rover Ranger Rover, License Plate: V606F0, VIN: SALWR2SE9MA761056 ("defendant vehicle"), twenty-nine assorted items of clothing and accessories listed in Exhibit A attached hereto, and eighteen pieces of assorted jewelry listed in

1

1. Exhibit A attached hereto (collectively "defendant assets"), during execution of a state search warrant at 5224 East Hoxie Avenue in Fresno, California.

2. DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about August 2, 2022, DEA received a claim from Leobardo Diaz and Sandra Diaz asserting an ownership interest in the defendant assets.

3. The United States represents that it could show at a forfeiture trial that, on May 23, 2020, the United States Postal Inspection Service (USPIS) identified and seized Priority Mail parcel number 9505 5122 3663 0141 5481 29 ("the Subject Parcel") bearing characteristics consistent of parcels involved in drug trafficking. The parcel was addressed to Sandra Castillo, P.O. Box #9898, Fresno, CA 93794, with a return address of Cris Castillo, 8176 SW 56th Ave Rd, Ocala, FL 34476. Law enforcement searched public records databases and were unable to identify Cris Castillo associated with the return address. Law enforcement contacted the Post Office that delivers to the Ocala, Florida address. The postal carrier for that address told law enforcement that he delivers mail to two individuals at that address, but did not recognize Cris Castillo's name.

4. The United States can further show that law enforcement confirmed with the post office that delivers mail to P.O. Box 9898, Fresno, CA 93794 that Sandra Castillo is the post office box applicant.

5. The United States can further show that law enforcement presented the parcel to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

6. The United States can further show that based on the above, on May 28, 2020, law enforcement obtained a search warrant to open the Subject Parcel. Inside the Subject Parcel was packing paper and a gift-wrapped box. Within the gift-wrapped box, law enforcement found a Sentry safe that contained multiple rubber-banded bundles of U.S. Currency secured in vacuum-sealed plastic. The cash totaled $32,340.00. The currency consisted mainly of $20 bills, making up $29,080.00 of the $32,340.00. The package did not contain any notes, instructions, or receipts. On or about April 26, 2021, in *United States v. Approximately $32,340.00 in U.S. Currency*, 1:20-

1  MC-00111-AWI, a consent judgment was entered wherein $28,340.00 of the seized $32,340.00
2  was forfeited to the United States.
3     7.   The United States will also show that on February 23, 2022, the USPIS identified
4  and seized Priority Mail parcel number 9505 5122 3663 0141 5481 29 ("Subject Parcel 2")
5  bearing characteristics consistent of parcels involved in drug trafficking.  The parcel was
6  addressed to Sandra Diaz, 2640 S. Elm Ave., Fresno, CA 93706, with a return address of Cris
7  Martinez, 3525 NW 14th Ave, Gainesville, FL 32605.  Law enforcement searched public records
8  databases and were unable to associate a Cris Martinez with the return address.  Law enforcement
9  contacted the Post Office that delivers to the Ocala, Florida address.  The postal carrier for that
10 address told law enforcement that he delivers mail to two individuals at that address, but did not
11 recognize Cris Castillo's name.
12    8.   The United States will further represent that law enforcement databases confirmed
13 that 2640 S. Elm Ave, Fresno, CA 93706 is the business address for Ornamental Iron Supply, Inc.
14 but the name Sandra Diaz was not associated with that address.
15    9.   The United States will show that law enforcement presented the parcel to a drug
16 detection dog, who positively alerted to the presence of the odor of narcotics.
17    10.  The United States can further show that following the seizure, a phone number law
18 enforcement identified as belonging to Leobardo Diaz was used to place a phone call to USPS to
19 inquire about the status of the seized parcel.  During the call, a male individual identified himself
20 as Cris Martinez, however, law enforcement recognized the voice as belonging to Leobardo Diaz.
21 The caller told the USPS representative that the parcel contained wedding invitations, when in
22 fact, the parcel actually contained cash in the amount of $51,860.00. Based on training,
23 experience, and the background of the investigation, agents believe that Leobardo Diaz was the
24 sender of the parcel.
25    11.  The United States will further show that Sandra Diaz made a similar phone call to
26 USPS inquiring on the status of the seized parcel stating that she was waiting for a parcel that
27 contained wedding invitations shipped by her fiancée, Cris Martinez.  Sandra Diaz later denied
28 making this call and said she was married to Leobardo Diaz.  Based on training and experience,

agents believe Sandra Diaz was the intended recipient and knew the parcel contained proceeds of criminal activity.

12. The United States will further show that based on the above, on February 25, 2022, law enforcement obtained a search warrant to open Subject Parcel 2. Inside Subject Parcel 2 was packing paper and a gift-wrapped box. Within the gift-wrapped box, law enforcement found a pen+Gear brand cash box that contained multiple rubber-banded bundles of U.S. Currency secured in vacuum-sealed plastic. The cash totaled $51,860.00. The currency consisted mainly of $20 bills, making up $28,780.00 of the $51,860.00. The package did not contain any notes, instructions, or receipts. On October 19, 2022, the USPIS entered an administrative forfeiture decision forfeiting the $51,860.00 in U.S. Currency. Neither Cris Martinez, Sandra Diaz, nor Ornamental Iron Supply, Inc. made a claim to the seized currency.

13. The United States represents it can show at trial that during an interview on April 29, 2022, Sandra Diaz stated that she is employed with both Taylor Made Irrigation and Ornamental Iron Supply, Inc. and she earns approximately $60,000-$70,000 per year in wages between the two jobs. Additionally, Sandra Diaz stated that she and Leobardo Diaz receive rental income from two properties that they own. Sandra Diaz stated that her husband, Leobardo Diaz, owns and operates a maintenance company called Diaz Maintenance. According to Sandra Diaz, Diaz Maintenance has no other employees besides Leobardo Diaz and he does general maintenance work in California's Central Valley, but also does maintenance work for an apartment complex in Florida. In total, Sandra Diaz stated that they reported approximately $160,000 in income on their 2021 taxes.

14. The United States represents it can further show at trial that during an interview on April 29, 2022, Leobardo Diaz stated that Sandra Diaz works two jobs. Leobardo Diaz earns income through Diaz Maintenance, has no employees, and only does maintenance work in the state of California. Investigators asked Leobardo Diaz whether he does maintenance work outside California, including Florida. Leobardo Diaz stated he did not, conflicting with Sandra Diaz's prior statement.

///

15. The United States represents it can further show at trial that no evidence exists to show Diaz Maintenance is in operation or is an existing company.

16. The United States can further show at trial that California Employment Development Department (EDD) records revealed no wage history for Leobardo Diaz between January 1, 2017, and December 31, 2021. EDD records for Sandra Diaz report earnings of $34,724.00 (2017); $36,280.00 (2018); $50,125.00 (2019); $57,259.00 (2020); and, $58,952.00 (2021). EDD records identified Taylor Made Irrigation and Ornamental Iron Supply, Inc. as Sandra Diaz's employers.

17. The United States can establish that, based on financial analysis, in 2021 approximately $46,888.03 in deposits from Taylor Made Irrigation and Ornamental Iron Supply, Inc. were made into Sandra Diaz's Noble Credit Union accounts. An additional $205,537.45 in cash was deposited into Sandra Diaz's accounts during 2021.

18. The United States can also establish that, based on financial analysis, in 2021 approximately $193,851.00 in cash was deposited into Leobardo Diaz's JPMorgan Chase Bank account. The analysis also identified a total of $21,618.00 in U.S. Postal Service Money Orders deposited to Leobardo Diaz's account.

19. The United States will show that a financial analysis resulted in Leobardo and Sandra Diaz's identified bank accounts received a total of $472,994.48 in combined cash deposits, rent deposits, U.S. Postal Service Money Orders, and employment wages during 2021.

20. The United States represents that it can show that according to Leobardo and Sandra Diaz's tax records, they earned a combined income of $165,434.00 during 2021. Sandra Diaz's wages were reported as $57,434.00, which correlates with the EDD report. Leobardo Diaz reported $18,237.00 in unemployment compensation and $65,058.00 in gross receipts or sales from his business. The tax records also report $44,400.00 in rental income. Based on the financial analysis of Leobardo and Sandra Diaz's bank records, their deposits are nearly triple their 2021 reported earnings after deductions.

21. The United States could also show at a forfeiture trial that Leobardo Diaz or Sandra Diaz consistently receive parcels containing drug proceeds either at their residence or at

1  Sandra Diaz's place of employment at Ornamental Iron Supply, Inc.  The United States could
2  establish that between May 28, 2021, and January 12, 2022, Claimants received twelve parcels of
3  similar weight as the prior two parcel seizures and that these parcels displayed similar packaging
4  characteristics.

5      22.    The United States could further show at trial that Claimants acquired the defendant
6  vehicle and much of the defendant accessories and defendant jewelry between May 28, 2021, and
7  January 12, 2022.

8      23.    The United States could also show that on April 29, 2022, law enforcement
9  executed a state search warrant at Claimants' home in Fresno, California.  During the search, law
10 enforcement located in the primary bedroom occupied by Claimants a digital scale with white
11 residence, an electronic money counter, and a vacuum sealed plastic bag containing about one-
12 half pound of processed marijuana.  Law enforcement also located on the floor of the front entry
13 room a vacuum sealer.  In the garage of the residence law enforcement located additional
14 vacuum-seal bags along with another vacuum sealer in the cab of a white Dodge Ram parked on
15 the residence.

16     24.    The United States would further represent at trial that Leobardo Diaz has a drug-
17 related criminal history including a 2007 arrest for possession of a controlled substance for sale
18 and a 2014 arrest for cultivating marijuana.

19     25.    The United States could further show at a forfeiture trial that the defendant assets
20 are forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

21     26.    Without admitting the truth of the factual assertions contained above, Claimants
22 specifically denying the same, and for the purpose of reaching an amicable resolution and
23 compromise of this matter, Claimants agree that an adequate factual basis exists to support
24 forfeiture of the defendant assets, and that no other person or entity has any legitimate claim of
25 interest therein.  Should any person or entity institute any kind of claim or action against the
26 government with regard to its forfeiture of the defendant assets, Claimants shall hold harmless
27 and indemnify the United States, as set forth below.
28 ///

27. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

28. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant assets were seized.

29. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Accordingly,

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon the parties signing the Stipulation for Consent Judgment of Forfeiture, but no later than January 13, 2023, Claimants shall pay $25,000.00 as the substitute *res* in lieu of the 2021 Land Rover Range Rover, License Plate: V606F0, VIN: SALWR2SE9MA761056.  Payment should be made in the form of a cashier's check made payable to the U.S. Marshals Service and sent to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 2500 Tulare Street, Suite 4401, Fresno, CA 93721.  Said $25,000.00 shall be substituted as the *res* herein, and shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon receipt of the sub *res*, but no later than 14 days thereafter, the 2021 Land Rover Range Rover, License Plate:  V606F0, VIN: SALWR2SE9MA761056 shall be returned to Claimants Leobardo Diaz and Sandra Diaz.

4. If Claimants fail to pay the $25,000.00 as the sub *res* herein to the United States within seven days from January 13, 2023, as provided in paragraph 2 above, all right, title, and interest in the 2021 Land Rover Range Rover, License Plate: V606F0, VIN: SALWR2SE9MA761056 shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

5. Upon entry of this Consent Judgment of Forfeiture, but no later than 45 days thereafter, the twenty-nine assorted items of clothing and accessories listed in

|   |   |   |
|---|---|---|
|   |   | Exhibit A attached hereto, and eighteen pieces of assorted jewelry listed in Exhibit A attached hereto shall be returned to Claimants Leobardo Diaz and Sandra Diaz through their attorney Richard M. Barnett, or his designee. |
|   | 6. | The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant assets.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542. |
|   | 7. | Until Claimants have paid the $25,000.00 sub *res*, Claimants shall maintain any and all loan payments, if any, and insurance policies currently in effect with respect to the defendant vehicle, including policies covering liability to persons injured by said defendant vehicle and for property damage to the defendant vehicle. |
|   | 8. | Until Claimants have paid the $25,000.00 sub *res*, Claimants shall not convey, transfer, encumber, lien, or otherwise pledge the defendant vehicle without the prior written approval of the United States. |
|   | 9. | No portion of this stipulated settlement, including statements or admissions made herein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence. |
|   | 10. | All parties will bear their own costs and attorney's fees. |
|   | 11. | Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the defendant assets. |

**EXHIBIT A**

<u>Twenty-Nine Assorted Items of Clothing and Accessories</u>

1. Saint Laurent YSL brand black bag with gold-colored chain, serial number: HPP3778 S 0217;
2. Fendi Brand purse with gold-colored chain with price sticker, serial number: 070194345;
3. Burberry brand handbag with leather strap, serial number: TITA35CAMT;
4. Louis Vuitton brand brown with red interior and red leather piece with dust bag, serial number: SP0280;
5. Louis Vuitton brand red with gold and black color with no dust bag, date code: SD2159;
6. Louis Vuitton brand high heels brown and black, serial number: MA1129 (on strap);
7. Louis Vuitton brand tennis shoes with dust bag, serial number: Go 0290 39;
8. Chanel brand flap bag with dust bag and letter of authenticity with tag, serial number: 30712973;
9. Louis Vuitton brand boots black cloth high heels boots, no serial number;
10. Louis Vuitton brand leather/cloth high heel boots, serial number: MA0280 39;
11. Louis Vuitton brand mini backpack;
12. Louis Vuitton brand black/brown leather boots, serial number: MA0220;
13. Christian Lou Boutin brand silver/white/red colored shoes;
14. Pink Chanel brand purse/dust bag with price tag, serial number: G3L6C35C;
15. Louis Vuitton brand black/brown women's tennis shoes, serial number: CL 0270 38.5;
16. Louis Vuitton brand brown leather purse with red bandana strap and wallet, serial number: M45321/M69353/M77403;
17. Gucci brand black/gray handbag, serial number: 499623 520981;
18. Louis Vuitton brand black belt; serial number: LN0232;
19. Chanel handbag with gold-colored chain; serial number: XJTXJE3H;
20. Louis Vuitton brand black handbag with gold color;
21. Louis Vuitton brand blue bag with red lining; serial number: SD1158;
22. Dolce Gabana handbag with gold-colored chain, serial number: BB6498AZ8011;

23. Louis Vuitton brand handbag, serial number: SD4159;

24. Louis Vuitton brand black wallet;

25. Gucci brand black handbag with dust bag, serial number: 443447-1147;

26. Chanel brand red bag;

27. Christian Dior brand sunglasses, in black soft inside; serial number: 10A0;

28. Louis Vuitton brand black/gray men's tennis shoes, serial number: G0 1211 10.5

29. Louis Vuitton brand purse with handbag and wallet, serial number: AR1221.

Eighteen Pieces of Assorted Jewelry

1. Gold-colored letter "A" with white stones;

2. Peter Marco silver-colored tennis bracelet;

3. Louis Vuitton brand gold-colored earring;

4. Two Cartier silver-colored band bracelets;

5. Gold-colored earrings with the white stones in the blue heart box;

6. Kissimmee jeweler's box with ring containing white stone;

7. Silver colored men's ring with white stones;

8. Large men's gold-colored chain with white stones;

9. Silver-colored Gucci watch;

10. Silver-colored ring with white stones;

11. Gold-colored men's ring with white stones;

12. Gold-colored cross with white stones;

13. Cartier brand silver-colored ring;

14. Silver-colored earrings with white stones;

15. Gold-colored necklace with white stones;

16. Women's silver-colored ring with white stones; and,

///

///

///

///

17. Silver and gold-colored Rolex watch with white stones.

IT IS SO ORDERED.

Dated:   January 13, 2023

UNITED STATES DISTRICT JUDGE